386 So.2d 1109 (1980)
ALL PERSONS
v.
Mrs. Mabel P. BUIE.
No. 52013.
Supreme Court of Mississippi.
August 13, 1980.
*1110 K. Maxwell Graves, Jr., Meadville, for appellants.
Adams, Forman, Truly, Ward, Smith & Bramlette, Everette Truly, Natchez, for appellee.
Before SUGG, BROOM and LEE, JJ.
BROOM, Justice, for the Court.
Alienability of a grantor's contingent remainder interest in land under a deed whereby the grantor conveyed land (a life estate) unto two grantees is the chief issue of this suit. The Chancery Court of Jefferson County ruled that the grantor could and did by subsequent deed effectively convey away his remainder interest in the property. Here the appellants[1] are representative of "all persons" who claim interest in the property as heirs of the grantor. We affirm.
Stated simply, the undisputed facts show that T.J. Cupit by deed dated July 19, 1929, conveyed a tract of land in Jefferson County, Mississippi, to his son Clarence Cupit and Clarence's wife Mabel P. Cupit, now Mabel P. Buie, "for and during the term of each of their natural lives to the heirs of the body of the said Clarence Cupit in fee simple at the death of both" Clarence and Mabel. After this deed was properly recorded in the chancery clerk's office on January 24, 1933, T.J. Cupit executed another deed to the same land for the purpose of making "absolute" in Clarence and Mabel the title to the land described in the previous deed. On March 21, 1940, Clarence Cupit died childless and intestate, leaving his wife Mabel Cupit (now Mabel P. Buie) as his sole heir at law.
On September 29, 1977, Mrs. Mabel P. Buie filed her bill of complaint to confirm title. Originally, Mrs. Buie relied both on the deeds mentioned above plus adverse possession to establish her claim, but during the course of the hearing on the merits of *1111 the matter, she abandoned the adverse possession theory. Sole issue left for the lower court to determine was whether or not the two above described deeds conveyed to Clarence Cupit and his wife Mabel Cupit (now Mabel P. Buie) absolute fee simple title to the subject land.
After a hearing on the merits, the lower court entered a written opinion and a final decree adjudicating the fee simple title to be vested solely in Mrs. Mabel P. Buie. "All persons" (appellants) contend that by the first deed from T.J. Cupit to Clarence and Mabel Cupit dated July 19, 1929, T.J. Cupit created a life estate in Clarence and Mabel Cupit with a reversionary interest vested in the rightful heirs of T.J. Cupit. Their contention is that after this was done, T.J. Cupit could not alienate or divest the reversionary interest vested in his rightful heirs at law by the second deed dated January 24, 1933. The chancellor ruled that:
The primary reversionary interest after the Deed of July 19, 1929 remained in T.J. Cupit, and this was an interest that T.J. Cupit could convey or dispose of. The Deed from T.J. Cupit to Clarence Cupit and Mabel Cupit dated January 24, 1933 involved the same property as the Deed of July 19, 1929 and the same parties and the intention of T.J. Cupit, the grantor, was clear as to the purpose of the Deed which was, as is stated in the Deed, "for the purpose of making absolute the title to the land described in that certain deed from T.J. Cupit to Clarence Cupit and Mabel Cupit, his wife, recorded in Deed Book `4-E', Page 251 of the deed records of said Jefferson County." It is clear from this Deed that T.J. Cupit intended to convey his reversionary interest in the property to Clarence Cupit and Mabel Cupit and vest them with fee simple title and, in order to assure them of fee simple title, he made this a general warranty deed and which warranty in the deed would be binding upon his heirs at law.
The issue is placed in proper perspective by the following language excerpted from the proceedings of the Mississippi Law Institute on Real Property Law (1962), pages 186-7:
In a number of states, the doctrine of worthier title survives as a rule of construction. By such application or utilization of the doctrine, the recurring problem is whether a "remainder to the grantor's heirs" (or comparable words of reference to ascertain persons who may ultimately be in line of descent from the grantor) be construed: (1) to designate an indefinite line of descent from the grantor, or (2) to identify, as devisees, the limited number of individuals who would otherwise take immediately upon grantor's death, intestate. If (1) applies, the grantor's intended contingent remainder is a nullity. If (2) applies, the intended contingent remainder is valid and becomes a vested interest at the death of the grantor.
In Mississippi, the doctrine of worthier title has not been abolished, but survives as a rule of construction.
We conclude that when T.J. Cupit executed the first deed referred to above by which he conveyed to Clarence and Mabel Cupit the life estate, the language "to the heirs of the body of the said Clarence Cupit in fee simple at the death of both" Clarence and Mabel was ineffective to create a vested remainder in the non-existent issue of Clarence's body. There was left in T.J. Cupit a contingent reversionary interest, contingent upon there being no live issue of the body of Clarence after his and Mabel's death, which was alienable by him in his lifetime. In Harris v. McLoran, 30 Miss. 533, 570 (1855), this court in an opinion by Smith, C.J., stated:
It is a settled maxim of the common law, that a man cannot make a conveyance of real property to his heirs. Hence, it is uniformly held, that an ultimate remainder, limited to the right heirs of the grantor, is void, and that although the freehold be expressly limited away from him, it will continue in him, as his old reversion and not as a remainder. The heirs will take by decent, [sic] and not by purchase, because fortior et potentior est dispositio legis quam hominis. *1112 28 Am.Jur.2d, Estates, § 174 (1966); 3 Restatement of the Law of Property, § 314 (1940).
Correct and applicable here is the rule stated in 28 Am.Jur.2d, Estates, § 175 (1966):
[A] limitation over to one's own heirs in a deed is void, leaving a reversion in the grantor... .
[A]n inter vivos conveyance for life, with attempted remainder to the conveyor's heirs or next of kin, is ineffective to create a remainder, but leaves a reversion in the conveyor.
The majority view in this country is that the inter vivos portion of the doctrine of worthier title is generally upheld where there has been no statutory abrogation of the doctrine. The Mississippi Legislature has not seen fit to statutorily abrogate the doctrine which remains viable in this state.[2] Obviously it is the intent of the legislature for the doctrine of worthier title to remain active as a rule of construction.
We conclude that upon the execution by T.J. Cupit of his deed dated July 19, 1929, the contingent remainder interest vested in him and not in his yet unborn heirs, leaving him with the right to subsequently convey away this contingent remainder interest by the second deed in 1933 unto Clarence Cupit and Mabel Cupit. By his action in giving the second deed, it was obvious that the grantor T.J. Cupit understood that he was vested with the contingent remainder which was, in his opinion, alienable and one which he could convey away as he did. Upon execution of the second deed, there became vested in Clarence Cupit and his wife Mabel Cupit (now Mabel P. Buie) fee simple absolute title to the property and accordingly the decree appealed from must be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Appellants (defendants) are identified as "all persons" who would claim any interest in the land by inheritance from the grantor T.J. Cupit.
[2] The Rule in Shelley's Case has been specifically abrogated by statute by the Mississippi Legislature. See Mississippi Code Annotated § 89-1-9 (1972).